MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

FRAUDULENT CONVEYANCES, § 96*—*when voluntary conveyance by parent to child is set aside.* On a creditor's bill to set aside, as in fraud of creditors, a conveyance by parents to a child, the evidence *held* to show a case coming within the rule that even if there is no fraudulent intent, a voluntary conveyance to a child in consideration only of love and affection, where the grantor is in embarrassed or failing circumstances, and the conveyance has the effect of withdrawing the property from the claims of creditors, leaving no unincumbered funds in the grantor's hands for the payment of debts, will be set aside.

John Chidley, Appellee, v. Richard Bray and A. T. Kates, Appellants.

### Gen. No. 23,870.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEO-DORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of fact. Opinion filed April 29, 1918.

## Statement of the Case.

Action by John Chidley, plaintiff, against Richard Bray and A. T. Kates, defendants, to recover damages for personal injuries received while in defendants' employ. From a judgment for plaintiff for $4,000, defendants appeal.

WALLACE E. SHIRRA and KELLY, HALE, DAMMANN & COOLIDGE, for appellants; J. F. DAMMANN, JR. and WALLACE E. SHIRRA, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BOYLE & MOTT, for appellee; EDWARD BOYLE and JAMES ARTHUR MILLER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 47*—*when reasonable and probable cause of accident adopted.* In an action by a servant to recover for personal injuries received through the operation of a machine, where the injury may be attributed either to a wholly speculative and inexplicable cause or to one that is natural, reasonable and probable, the Appellate Court will accept the latter.

2. MASTER AND SERVANT, § 683*—*when verdict for plaintiff for personal injuries received while operating machine is not sustained by evidence.* In an action by a servant to recover for personal injuries received while operating a machine, evidence *held* to show that the machine was not out of repair, defective and unsafe, but that the injury was caused by plaintiff's own action in operating it, and not to support a verdict for plaintiff.

---

## Sanfrid Harnstrom, Appellee, v. Anderson Electric Car Company, Appellant.

### Gen. No. 23,888.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 29, 1918.

### Statement of the Case.

Replevin by Sanfrid Harnstrom, plaintiff, against Anderson Electric Car Company, defendant, to recover possession of an automobile. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.